UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
and STATE OF MICHIGAN, et al.,

        Case No. 2:19-cv-11615

       Plaintiffs,

        HONORABLE STEPHEN J. MURPHY, III

ex rel. MICHAEL ANGELO and
MSP WB, LLC,

       Plaintiffs/Relators,

v.

ALLSTATE INSURANCE CO.,
et al.,

       Defendants.
                                       /

**OPINION AND ORDER DENYING MOTION TO
ALTER OR AMEND JUDGMENT UNDER RULE 59(e)
OR RELIEF FROM JUDGMENT UNDER RULE 60(b) [110]**

Relators MSP WB and Michael Angelo moved for reconsideration of the Court's opinion and order that granted Defendant Insurance Services Office Inc.'s (ISO) motion to dismiss. ECF 110. Because the Court dismissed the remaining claims in the case with prejudice, ECF 106, PgID 3022, the dismissal was a final order. *See* E.D. Mich. L.R. 7.1(h)(1). The Relators first claimed that the Court should alter or amend its judgment under Federal Rule of Civil Procedure 59(e) and dismiss the case "*without prejudice* because amendment of the Second Amended Complaint is not futile." ECF 110, PgID 3032 (emphasis in original). The Relators then claimed, in the alternative, that the Court should grant relief under Rule 60(b)(1) because the Court

1

did not "assess whether the [second amended complaint] could be saved by amendment." *Id.* 3060 (citations omitted). For the reasons below, the Court will deny the motion for reconsideration.[1]

### LEGAL STANDARD

"A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Co. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). "A Rule 59 motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (internal quotation marks and quotation omitted)). Under Rule 60(b), "the [C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"; or "any other reason that justifies relief."

### DISCUSSION

The Court will deny the motion for reconsideration because leave to amend the complaint is not justified. Three reasons support that conclusion.

First, the Relators offered no authority to suggest that the Court must give the Relators an opportunity to amend the complaint before a dismissal without prejudice. *See* ECF 110, PgID 3038–41. In fact, to support their sweeping conclusion that "[t]his

---

[1] No hearing or response to the motion is needed under Local Rule 7.1(h)(3).

Court committed a clear error of law by dismissing Relators' federal claims with prejudice when it failed to assess whether the [second amended complaint] could be saved by amendment," the Relators cited *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). *Id.* at 3039. But that case does not suggest that a court commits clear error when it fails to sua sponte afford a prosecuting party with leave to amend a deficient complaint. *See GenCorp, Inc.*, 178 F.3d at 834. What is more, the operative complaint here was the third iteration of the Relator's original complaint. *See* ECF 1 (complaint); 3 (amended complaint); 41 (second amended complaint). And the Court knows of no binding authority that would *require* the Court to give the Relators a fourth opportunity to cure the defects in the complaint.

Second, the Sixth Circuit is clear that a "district court's dismissal of a complaint with prejudice" is proper when the prosecuting party "d[oes] not seek leave to amend or file a proposed amended complaint." *Justice v. Peterson*, No. 21-5848, 2022 WL 2188451, at *4 (6th Cir. June 17, 2022) (citing *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012)); *see United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 334 (6th Cir. 2018) ("[A] district court does not abuse its discretion by failing to grant leave to amend where the plaintiff has not sought leave and offers no basis for any proposed amendment."). Under Federal Rule of Civil Procedure 15(a)(2), a court should grant a plaintiff leave to amend "when justice so requires." But "the right to amend is not absolute or automatic." *Justice*, 2022 WL 2188451, at *3 (quoting *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008)). And

3

"[w]here a plaintiff fails to file a motion to amend or a proposed amendment indicating how the plaintiff would amend the complaint, a district court does not abuse its discretion by denying the plaintiff leave to amend." *Id.* (collecting cases). After all, "district courts are not required to engage in a guessing game as to what the Relators might plead to save their claim." *Id.* (cleaned up).

Before the Relators filed the present motion, they did not move for leave to amend the complaint despite facing two motions to dismiss. *See* ECF 77; 89. The Relators failed to even make a "bare request" for leave to amend in their briefs opposing the motions to dismiss.[2] *Justice*, 2022 WL 2188451, at *3; *see* ECF 86 (response to the Insurer Defendants' motion to dismiss); ECF 93 (response to Defendant ISO's motion to dismiss). Yet "it is not the district court's role to initiate amendments." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008). Accordingly, the Court made no legal error when it declined to provide the Relators, sua sponte, a fourth chance to save their complaint through amendment.

Third, the Relators' request for leave to file a fourth complaint after years of litigation and the final dismissal of its claims is evidence of "undue delay, bad faith[,] or dilatory motive on the part of the movant." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). The post-dismissal endeavor to again amend the complaint by Relator

---

[2] It makes no difference that the Relators now seek leave to amend the second amended complaint with supporting briefing on why the amendment would not be futile. *See* ECF 110, PgID 3038–59. The briefing is plainly an untimely, post hoc effort to cure the second amended complaint's pleading deficiencies.

4

MSP is strikingly reminiscent of the notorious litigation strategy employed by other MSP entities with which MSP is affiliated. ECF 110, PgID 3047 (describing MSP Recovery as "an affiliated corporate entity"); *see* ECF 41, PgID 1024–25 ("MSP is based in South Florida and is a part of a family of companies."). Under that strategy, the entity "throw[s] their allegations into as many federal courts as possible and see[s] what sticks." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins.*, No. 1:19-cv-1537, 2019 WL 6311987, at *10 (C.D. Ill. Nov. 25, 2019) (quoting *MSP Recovery Claims, Series LLC v. N.T. Cent. Mut. Fire Ins.*, No. 6:19-cv-211, 2019 WL 4222654, at *6 (N.D.N.Y. Sept. 5, 2019)).[3] Here, the Relators' allegations have failed to "stick[]." *MAO-MSO Recovery II, LLC*, 2019 WL 6311987, at *10. And the Court agrees that "enough is enough[;] . . . [f]ederal court is not a sounding board for litigants to test various theories until they find one allowing the litigation to continue." *Id.* (quotation omitted). There is simply no reason, under either Rule 59(e) or Rule 60(b), to justify affording the Relators "[y]et another opportunity to cure deficiencies in [their] allegations." *Id.* The motion for reconsideration must be denied.

---

[3] See also *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20-CV-2102, 2021 WL 1164091, at *6 n.8 (S.D.N.Y. Mar. 26, 2021) ("Plaintiff has no excuse for such sloppiness, and this is not the first time that it has been admonished for these sorts of errors.") (citing *MSP Recovery Claims, Series LLC*, 2019 WL 4222654, at *5 (noting that "the Court is faced with a messy Complaint, improper exhibits, and Plaintiffs' inconsistent arguments")).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to alter or amend judgment under Rule 59(e) or relief from judgment under Rule 60(b) [110] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 23, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager